**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSHUA PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | **JURY DEMAND** |
| TUSKEGEE UNIVERSITY, | ) | |
| | | |
| Defendant. | | |

**COMPLAINT**

**I. JURISDICTION**

1.  This is a suit for employment discrimination instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"). The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2.  Plaintiff Joshua Phillips ("Plaintiff") timely filed his charge of discrimination against defendant Tuskegee University ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter.

## II. <u>PARTIES</u>

3.   Plaintiff is a citizen of the United States over the age of nineteen and a resident of Colbert County, Alabama.

4.  Defendant is an Alabama corporation located in Tuskegee, Macon County, Alabama.

## III. <u>FACTS</u>

5.  In or about April of 2025, Plaintiff became employed by Defendant.

6.  Plaintiff position was Chief of Defendant's Police Department.

7. In August of 2025, two female employees working in the Department made complaints to Plaintiff of sexual harassment against a male employee working in the Department.

8.  The alleged harasser was then assigned to work as the driver for Dr. Mark Brown, Defendant's President.

9.   Plaintiff took statements from the complainants and relayed them to Cassandra Tarver-Ross, Defendant's Chief Human Resources Officer.

10.   Plaintiff referred investigation into possible criminal violations to an outside law enforcement agency.

11. Plaintiff requested that the alleged harasser be placed on administrative leave during the investigations.

12.  Tarver-Ross refused to do that.

13.  In early September of 2025, one of the complainants came to Plaintiff and complained that the alleged harasser was still harassing her.

14.  Plaintiff relayed the new complaint to Kellei Samuels, Brown's Chief of Staff.

15.  Samuels responded that Defendant's investigation would "trump" any investigation into potential criminal violations.

16.  On or about September 9, 2025, Plaintiff sent a letter to Brown and Tarver-Ross.

17.  In the letter, Plaintiff reiterated the new complaint of continuing harassment and stated that he had previously relayed it to Samuels.

18.  Plaintiff further stated that Brown and Tarver-Ross needed to understand that Defendant's investigation into the sexual harassment allegations did not supersede any investigation into potential criminal charges.

19.  Plaintiff further stated that he would report any further complaints of harassment to the Alabama Attorney General's office.

20.  On or about September 11, 2025, Plaintiff was delivered a termination letter from Tarver-Ross.

21. In it, Tarver-Ross stated that Plaintiff was being terminated because his performance had not met expectations.

22. No further reason was given.

23. It was false that Plaintiff had failed to meet performance expectations.

24. Plaintiff had not been given any prior disciplinary action.

25. Plaintiff had never been that told he was not meeting expectations or that there was any aspect of his performance that was deficient.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### TITLE VII

26. Paragraphs 1-25 above are incorporated by reference.

27. Defendant was Plaintiff's employer during all times relevant to this case.

28. Defendant was a covered employer under Title VII during all times relevant to this case.

29. Defendant violated Plaintiff's rights under Title VII by terminating his employment in retaliation for his opposition to what he reasonably believed to have been unlawful sex-based harassment of co-employees.

30.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated Title VII;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate Title VII;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him in the position he would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(iv)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Voice and Text: (205) 322-8999
Facsimile: (205) 322-8915
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff